**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 20, 2016**

# In the Court of Appeals of Georgia

A16A0358. WOODHOUSE v. THE STATE.

MERCIER, Judge.

Christopher Woodhouse appeals from an order denying his motion to seal the clerk of court's records pursuant to OCGA § 35-3-37. In his sole enumeration of error, Woodhouse contends the trial court erred by failing to consider the merits of his motion to seal the clerk's records under the version of OCGA § 35-3-37 in effect at the time his motion was heard. For the reasons that follow, we vacate the judgment and remand the case to the trial court.

In 2011, Woodhouse was arrested and charged with false imprisonment and criminal trespass. Woodhouse petitioned to be placed in the Cobb County District Attorney's Domestic Violence Pretrial Diversion Program. Woodhouse entered the program, and his case was placed on the Dead Docket pending his successful

completion of the program. After Woodhouse successfully completed the pretrial diversion program, his case was removed from the Dead Docket and a nolle prosequi was entered.

In August 2013, Woodhouse submitted an application to have his arrest record restricted pursuant to OCGA § 35-3-37, and the request was approved by the Cobb County Sheriff's Office in October 2013. In January 2015, Woodhouse filed a motion to have the clerk of court's records of the case sealed pursuant to OCGA § 35-3-37 (m) (2). Under OCGA § 35-3-37 (m) (1)

> [f]or criminal history record information maintained by the clerk of court, an individual who has a record restricted pursuant to this Code section may petition the court with original jurisdiction over the charges in the county where the clerk of court is located for an order to seal all criminal history record information maintained by the clerk of court for such individual's charge.

OCGA § 35-3-37 (m) (2) provides:

> The court shall order all criminal history record information in the custody of the clerk of court, including within any index, to be restricted and unavailable to the public if the court finds by a preponderance of the evidence that:

(A) The criminal history record information has been restricted pursuant to this Code section; and

(B) The harm otherwise resulting to the privacy of the individual clearly outweighs the public interest in the criminal history record information being publicly available.

A hearing was held in May 2015, at which the State argued that the sealing provision contained in OCGA § 35-3-37 (m) (2) was inapplicable to Woodhouse's case because the case was indicted in 2012, and the current version of the statute went into effect on July 1, 2013. The trial court issued an order denying Woodhouse's motion, determining: "that the underlying crime in this case occurred on December 10, 2011. The statute is therefore not applicable." Woodhouse appeals the order of the trial court.

"When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). Because the trial court's finding that OCGA § 35-3-37 (m) (2) did not apply to a crime that occurred before July 1, 2013, constituted plain error, we reverse.

3

The Supreme Court of Georgia recently considered the question of whether the amendments to OCGA § 35-3-37 apply to pre-July 1, 2013, arrests. In *Mosley v. Lowe*, 782 SE2d 43, (2016), the Court held: "[b]ecause the statute itself makes clear that it does apply to information regarding arrests pre-dating the amendments, and because such application presents no constitutional problem, we hold that the amendments to the statute do apply here." Id. at 44. The Court noted that the statute specifically addresses criminal history records that pre-date the effective date of the amendments to OCGA § 35-3-37. "[A]s to arrests occurring before July 1, 2013, an individual may, in writing, request the arresting law enforcement agency to restrict the criminal history record information of an arrest." OCGA § 35-3-37 (n) (1). In light of this statutory provision, the Court held that "the clear and unambiguous terms of the amended statute provide for its applicability to arrests pre-dating the amendments' July 1, 2013 effective date." *Mosley,* supra.

OCGA § 35-3-37 (n) (1) does not carve out an exception for the provisions of OCGA § 35-3-37 (m) (2), but only makes an exception for paragraph (j) with regards to pre-July 1, 2013, arrests. See OCGA § 35-3-37 (n) (1). Thus, as the clear and unambiguous terms of the statute provide for its applicability to arrests before July 1, 2013, it is likewise applicable to parties seeking an order to seal criminal records

4

of those arrests pursuant to OCGA § 35-3-37 (m) (2). Because the provisions of OCGA § 35-3-37 (m) (2) do apply to arrests that pre-date July 1, 2013, the trial court should have considered the merits of Woodhouse's motion to seal the clerk's records. Therefore, the order denying Woodhouse's motion to seal the clerk of court's records is vacated, and the case is remanded to the trial court for action consistent with this opinion.

*Judgment vacated and remanded. Ellington, P. J., and Branch, J., concur*.

5